UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

THE HARRIS EMPLOYEE BENEFITS
COMMITTEE,

    Plaintiff,

v.                                                     Case No.  6:13-cv-12-Orl-36TBS

DENIS ANDERSON, JARED ANDERSON,
BRIDGET ANDERSON and JOAN SETVIN,

    Defendants.
_____/

## ORDER

This case comes before the Court on the motion (Doc. 47) of pro se Defendant Bridget Anderson.  Ms. Anderson is asking the Court to continue the pretrial conference and trial of this case because she is: (1) seeking legal representation; (2) she has had difficulty understanding what the Court requires of her; (3) she is a single mother living in Maine, and is still trying to save the money needed to fly to Orlando, Florida to participate in this case.  (Id.).

The motion is DENIED for two reasons.  First, as stated in the Case Management and Scheduling Order (Doc. 34), motions to continue trial are generally denied.  The Court will only grant an exception when necessary to prevent manifest injustice.  Ms. Anderson's grounds for a continuance do not rise to this level.  Second, the motion does not comply with M.D. Fla. Rule 3.01(g).  Rule 3.01(g), and other information which may help Ms. Anderson, is provided in the following paragraphs.

Because Ms. Anderson is proceeding without a lawyer, the Court will take the opportunity to inform her of some, but not all, of the procedural rules with which she

must comply.  The Court reminds Ms. Anderson of these obligations because pro se litigants are subject to the same law and rules of court as litigants who are represented by counsel, including the Federal Rules of Civil Procedure ( "Rule(s)"), and the Local Rules of the United States District Court for the Middle District of Florida ("Local Rule(s)").  Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

All filings with the Court must be made in accordance with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Middle District of Florida.  The Local Rules are available for review on the public website for the Middle District Court of Florida at www.flmd.uscourts.gov and a copy may be obtained by visiting the Clerk's Office.  The Federal Rules of Civil Procedure are available for review in most public law libraries and federal courthouses.

Ms. Anderson should not correspond with the Court or any Judge or Magistrate Judge of the Court in letter form.  In keeping with their sworn duty to maintain complete impartiality in the exercise of their judicial duties, the Judges of this Court will only deliver their decisions and opinions in response to those documents filed with the Clerk's Office in accordance with the governing rules of procedure.  Any correspondence sent to judicial officers will not be responded to, will be stricken from the case file, and will be returned to the sending party.

All documents filed with the Court must be in the form of a pleading, see FED. R. CIV. P. 7(a), or a motion, see FED. R. CIV. P. 7(b).  Each pleading, motion, notice, or other paper shall be presented in a separate document.  In addition, all documents filed with the Court must include a caption (the same as is set forth in this Order); a

brief title that describes the nature of the document; the filing party's name and signature; and a Certificate of Service. These last two items are explained below.

All pleadings, motions, or other papers filed with the Court must bear Ms. Anderson's original signature, or they will be rejected by the Court.  Among other things, the signature serves as the party's certification, pursuant to Rule 11(b), that the document is not submitted for any improper purpose; that the claims or defenses presented in it are warranted by existing law; and that there exists reasonable factual support for the allegations or assertions made.  Ms. Anderson is advised to review and become familiar with Rule 11, as the failure to comply with its provisions can result in the imposition of sanctions, including monetary fines.

All pleadings, motions, or other papers filed with the Court must also include a signed Certificate of Service. The Certificate of Service is confirmation that the filing party has complied with the requirement of Rule 5 by serving on every other party to the action (or its attorney) a copy of the particular pleading, motion, or other paper filed with the Court.  At a minimum, a Certificate of Service must state the date upon which a copy of the particular document was served on the other parties to the action (or their attorneys) and the means by which such service was made (e.g., U.S. Mail; Federal Express; hand delivery).

All requests for relief from, or action by, the Court must be in the form of a motion.  See FED. R. CIV. P. 7(b).  If Ms. Anderson seeks any relief from, or action by the Court, or seeks the entry of an order of any kind, she must file a proper motion requesting that relief. The motion must meet the requirements of all applicable rules,

including the Rules and the Local Rules.  All motions must be accompanied by a legal memorandum with citation of authorities in support of the relief requested.  See Local Rule 3.01(a).  However, the motion and memorandum cannot exceed twenty-five (25) pages in length.  See id.

Prior to filing most motions, Local Rule 3.01(g) requires that the filing party confer with opposing counsel and unrepresented parties in a good faith attempt to resolve the issue.  Ms. Anderson must include a certification in her motions that she has complied with this requirement.  She must also notify the Court whether the parties agree on the relief requested in her motion.  Local Rule 3.01 sets forth several other important requirements and rules governing motions filed with the Court. The failure to comply with these requirements or any other rule may result in the denial of the motion.

Ms. Anderson is cautioned that she must abide by and comply with all orders of this Court.  Failure to do so may result in sanctions, including the striking of pleadings.

Local Rule 3.01(b) further requires that any brief or legal memorandum in opposition to a motion must be filed within fourteen (14) days after being served with that motion by another party.  Ms. Anderson must timely respond to the motions filed by other parties in this case, for if she does not timely respond, the Court may assume that she does not oppose that motion and the relief requested therein.  If Ms. Anderson has missed a filing deadline, she must file a motion seeking leave of Court to file the document out of time.

Lastly, Ms. Anderson is reminded that, although she is proceeding pro se, she

is not relieved of all of the obligations that rest upon an attorney. There are still many requirements with which she must comply, including those imposed by the Rules and the Local Rules. She is warned that the failure to comply with these requirements and obligations can have significant consequences. For example, failure to respond to discovery requests as described in the rules may result in sanctions. See FED.R.CIV.P. 37.

While the Court has set forth some of the more prominent procedural obligations and requirements of litigants in this Court, this Order does not purport to set forth all of those requirements and should not be relied upon as limiting Ms. Anderson's duties and obligations in litigating this case. Accordingly, it is hereby

ORDERED that Defendant Bridget Anderson shall review and comply with the provisions of this Order, as well as the Federal Rules of Civil Procedure, Local Rules of the United States District Court for the Middle District of Florida, and any applicable statutes and regulations.

DONE AND ORDERED at Orlando, Florida on this 7th day of March, 2014.

THOMAS B. SMITH
United States Magistrate Judge

Copies to:

    All Counsel
    All pro se Parties